CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 16, 2015

Darrell Sebastian Johnson
5408 Ludlow Drive
Temple Hills, Maryland 20478

Stacey Irene Cole
Social Security Administration
Altmeyer Building
6401 Security Boulevard, Room 617
Baltimore, Maryland 21235

> RE: *Darrell Sebastian Johnson v. Commissioner, Social Security Administration*;
> Civil No. SAG-14-1370

Dear Mr. Johnson and Counsel:

On April 23, 2014, Darrell Sebastian Johnson petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the Commissioner's Motion for Summary Judgment. (ECF No. 28). Mr. Johnson, who proceeds *pro se* since the withdrawal of his prior counsel, has not filed a response.[1] I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Johnson filed claims for Disability Insurance Benefits and Supplemental Security Income on July 13, 2011. (Tr. 146-58). He initially alleged a disability onset date of February 1, 2008, but later amended his onset date to April 27, 2012.[2] *Id.*; (Tr. 31). His claims were denied initially and on reconsideration. (Tr. 80-84, 90-95). A hearing was held on July 29, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 25-50). Following the hearing, the ALJ determined

---

[1] On October 20, 2015, a Rule 12/56 letter was sent to Mr. Johnson advising him of his right to file a response to the Commissioner's motion within seventeen (17) days from the date of the letter. (ECF No. 29). No response was filed within that time frame.

[2] The ALJ in fact adjudicated the original time frame without acknowledging the amended onset date. (Tr. 16-24). That error is harmless because the adjudicated period includes the amended onset date and entire subsequent period.

that Mr. Johnson was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 16-24). The Appeals Council denied Mr. Johnson's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Johnson suffered from the severe impairments of osteoarthritis of the right shoulder and bilateral knees, degenerative disc disease, essential hypertension, asthma, and obesity. (Tr. 19). Despite these impairments, the ALJ determined that Mr. Johnson retained the residual functional capacity ("RFC") to:

> perform light work, as defined in 20 CFR 404.1567(b) and 416.967(b), with the following additional limitations: push-pull limited to the light level; no foot control operations; no climbing of ladders, ropes or scaffolds; no more than occasional climbing of ramps or stairs, balancing, stooping, crouching, kneeling or crawling; no more than occasional overhead reaching with the right (dominant) upper extremity; no exposure to extreme heat-cold, excessive wetness/humidity, or hazards (such as moving machinery and unprotected heights); and avoid concentrated exposure to irritants (such as fumes, odors, dust and gases).

(Tr. 19). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Johnson could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 23-24).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Mr. Johnson's favor at step one and determined that he has not engaged in substantial gainful activity since his original alleged onset date. (Tr. 18); *see* 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Mr. Johnson claimed prevented him from working. *See* 20 C.F.R. § 404.1520(a)(4)(ii). As noted above, the ALJ concluded that all of Mr. Johnson's alleged impairments were severe. (Tr. 19).

At step three, the ALJ determined that Mr. Johnson's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings. (Tr. 19-20). The ALJ considered the specific requirements of Listing 1.04, which pertains to disorders of the spine, and Listing 1.02, which pertains to major dysfunction of a joint. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 1.02, 1.04. The ALJ concluded Listing 1.04 was not satisfied because diagnostic imaging failed to show "compromise of a nerve root or the spinal cord." (Tr. 19). The ALJ

further concluded that Mr. Johnson's carpal tunnel syndrome did not satisfy Listing 1.02 because Mr. Johnson did not suffer gross anatomical deformity of a joint, and does not have the required inability to ambulate effectively or to perform fine and gross movements effectively. *Id.* I have carefully reviewed the record, and I agree that no listings are met.

In considering Mr. Johnson's RFC, the ALJ summarized his subjective complaints that he was prevented from working by shortness of breath, headaches, and pain in his lower back, legs, right knee, left elbow, right shoulder, and left foot. (Tr. 20). However, the ALJ determined that Mr. Johnson's subjective complaints were not entirely credible. The ALJ noted that Mr. Johnson has relatively extensive activities of daily living, including caring for his father, driving, shopping, doing housework, and playing cards. (Tr. 20). The ALJ also noted that Mr. Johnson and his counsel did not mention asthma or hypertension at the hearing until asked, and that Mr. Johnson had not followed up on a rheumatology referral. (Tr. 20). The ALJ further reviewed all of the medical records, noting that the objective findings were relatively mild and did not have a great effect on Mr. Johnson's functional abilities to lift, sit, or stand, based on evidence that he could still lift 35 pounds, sit for 4 hours, and stand and walk for 2-3 hours. (Tr. 21). The ALJ also noted periods of noncompliance with medication and dietary recommendations to control Mr. Johnson's hypertension. *Id.*

Finally, in assessing Mr. Johnson's RFC, the ALJ considered all of the opinion evidence in the record, providing substantial evidence in support of the weight he accorded each opinion. The ALJ assigned "significant weight" to the opinion of Mr. Johnson's treating physician, Dr. Lawrence Manning. (Tr. 21). Dr. Manning's opinion generally comported with the ALJ's RFC, except that Dr. Manning stated that Mr. Johnson could only stand or walk for ½ hour at a time without interruption, for a total of 3 hours in a day. (Tr. 21). The ALJ instead credited the opinions of two other medical sources regarding Mr. Johnson's ability to stand and walk: medical consultant Dr. Carl Bancoff and consultative examiner Dr. Ajit Kurup. Both believed that Mr. Johnson was able to stand and walk in two hour increments throughout a workday. (Tr. 22). The ALJ demonstrated careful consideration of the medical opinions in formulating the RFC assessment, crediting the less restrictive opinions of Drs. Bancoff and Kurup as to standing and walking, but crediting Dr. Manning's more restrictive opinion as to other issues, including postural activities and the ability to reach overhead with the right extremity. *Id.* My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Mr. Johnson's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, I find the ALJ's RFC determination was supported by substantial evidence.[3]

---

[3] Even if the ALJ had adopted the more restrictive view of Mr. Johnson's ability to stand and walk in only 30 minute increments, the VE testified that two jobs, router and mail clerk, could accommodate a sit/stand option. (Tr. 49). Thus, even if the ALJ had erred, the error would be harmless since Mr. Johnson would still be able to perform work.

Next, at step four, the ALJ determined that, pursuant to his RFC assessment, Mr. Johnson was unable to perform his past relevant work as a city mail carrier. (Tr. 22). Accordingly, the ALJ proceeded to step five, where he considered the impact of Mr. Johnson's age and level of education on his ability to adjust to new work. (Tr. 24-25). Relying on the Medical-Vocational Guidelines ("Grids"), 20 C.F.R. Part 404, Subpart P, Appendix 2, the ALJ found that pursuant to Grid Rules 202.21 and 202.14, a younger individual or an individual closely approaching advanced age with at least a high school education, no transferrable skills, and a light RFC, is not disabled *per se*.[4] (Tr. 22-23). Since the ALJ's RFC assessment contained additional limitations which impeded Mr. Johnson's ability to perform all or substantially all of the requirements of light work, however, the ALJ asked the VE whether jobs existed in the national economy that were suited to Mr. Johnson's particular assessment. (Tr. 47-49). The VE testified that a person with Mr. Johnson's RFC would be capable of performing the jobs of router, mail clerk, and counter clerk. *Id.* Based on the VE's testimony, the ALJ concluded that Mr. Johnson is capable of successfully adjusting to other work that exists in significant numbers in the national economy. (Tr. 23). I find that the ALJ's determination was supported by substantial evidence.

For the reasons set forth herein, Defendant's Motion for Summary Judgment (ECF No. 28) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[4] Social Security regulations define younger individuals as persons age 18 to 49, and individuals closely approaching advanced age as persons age 50 to 54. 20 C.F.R. § 404.1563. As of Mr. Johnson's original alleged disability onset date, he was a younger individual, but he subsequently changed categories to an individual closely approaching advanced age. Although the ALJ only had to consider the latter category in light of the amended onset date, because the ALJ considered Mr. Johnson's case under both categories, there is no error warranting remand.